NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0673n.06
No. 20-3769

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Nov 23, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| RYAN GASTON, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE:    **BATCHELDER, CLAY, and BUSH, Circuit Judges.**

**ALICE M. BATCHELDER**, **Circuit Judge**.  Ryan Gaston seeks review of the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  We AFFIRM.

In 2016, appellant Ryan Gaston pleaded guilty to possession with intent to distribute cocaine base, possession with intent to distribute fentanyl, and possession of a firearm in relation to a drug trafficking offense.  The district court sentenced Gaston to the mandatory minimum of 120 months in prison.  Gaston currently resides at FCI Elkton.  The Bureau of Prisons ("BOP") lists his release date as August 10, 2024.

On April 22, 2020, Gaston applied to FCI Elkton's Warden for compassionate release.  The Warden denied his request on May 5, 2020.  Gaston then petitioned the district court for compassionate release on May 22, 2020.  He made several claims regarding how FCI Elkton handled the pandemic, pointing, as proof of the poor conditions, to a court order that the BOP

either release or transfer all medically vulnerable inmates from the prison. The Government responded late.

The district court denied compassionate release in a form order released on July 6, 2020. The court explained its decision in four sentences:

> No extraordinary and compelling reason presented; as Defendant admits, he presents no prior medical risks, and family history is not compelling reason. The presence of COVID-19 at facility by itself is insufficient to justify release. Court previously considered all mitigating circumstances at Sentencing and adopted the agreed upon sentence. As to the Government's untimely Response, Defendant was not prejudiced by the delay.

*United States v. Gaston*, No. 1:16-cr-64, Slip Op. at 2–3 (N.D. Ohio July 6, 2020). Gaston appeals, arguing that the district court abused its discretion by referring to the situation at FCI Elkton as "[t]he presence of COVID-19 at facility," and by ignoring Gaston's post-sentencing rehabilitative efforts and the court's previously-expressed concern about the length of Gaston's sentence. Neither argument succeeds.

**I**

A defendant-initiated motion for compassionate release must pass four statutory steps for the defendant to obtain relief: (1) the defendant must exhaust all administrative rights to appeal as set out in 18 U.S.C. § 3582(c)(1)(A), (2) the district court must analyze the motion against the factors set forth in Section 3553(a) "to the extent that they are applicable," (3) the court must find extraordinary and compelling circumstances warranting compassionate release, and (4) the court must find that release is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ruffin*, 978 F.3d 1000, 1003–05 (6th Cir. 2020). District courts may deny relief on any one of these factors alone. *See Ruffin*, at 1003–06.

Rather than challenging the district court's Section 3582(c)(1)(A) analysis, Gaston challenges its interpretation and application of facts. We review for abuse of discretion. *Id.* at *4. "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citation and quotation marks omitted).

## A.

Gaston argues that the district court abused its discretion by downplaying the Covid-19 outbreak at FCI Elkton. He acknowledges that his presence at a facility dealing with an outbreak would not by itself justify finding extraordinary and compelling reasons for release. Instead, Gaston claims that "the district court's failure to discuss [his] particularly dire situation at FCI Elkton calls into question its exercise of discretion."

The district court referred to the outbreak as the "presence of Covid-19 at the facility," which Gaston says shows that the court improperly treated FCI Elkton the same way it would a prison with "one or two confirmed cases." "Presence" means "the fact or condition of being present." *Webster's Third New Int'l Dictionary Unabridged* 1793 (1981). And that is an accurate description: Covid-19 is present at FCI Elkton. Although the word "presence" might not contextualize the pandemic's toll on FCI Elkton in the context of other, less-stricken prisons, no other prisons are relevant to this case. Gaston fails to show that the district court abused its discretion by using the word "presence." Nor do we believe that a district court abuses its discretion by accurately describing a fact. This argument is wholly meritless.

## B.

Gaston also argues that the district court abused its discretion by ignoring his post-sentencing rehabilitative efforts and that assessing prisoners based on who they were at sentencing

contradicts the compassionate release statute. But district courts may consider the record from a defendant's initial sentencing when considering modifying his sentence. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018). The district court here acted well within its discretion by standing by its prior consideration of Gaston's mitigating factors.

Also, "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief." *Ruffin*, 978 F.3d at 1009 (citing 28 U.S.C. § 994(t)). Gaston asks this panel to remand because the district court, in his estimation, did not properly weigh his rehabilitation. He points to no evidence other than his rehabilitation that might favor relief. Therefore, *Ruffin* forecloses remand on this argument.

## C.

Finally, Gaston argues that the district court abused its discretion by failing to acknowledge its concern, expressed at sentencing, that Gaston's ten-year mandatory minimum sentence was too long. District courts need not elaborate on all of their reasons for modifying a sentence, they need only to give a sufficient explanation that allows for meaningful appellate review. *Chavez-Meza*, 138 S. Ct. at 1965. The district court's explanation met this requirement, and went beyond it—the Supreme Court has previously approved a sentence modification in which the court used a form that merely "certified the judge had 'considered' petitioner's motion and 'tak[en] into account' the § 3553(a) factors and the relevant Guidelines policy statement." *Id.* at 1965; *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (mem) ("Because it is clear that the judge relied on the record when declining to modify [a] sentence, even a 'barebones form order' could have sufficed." (citing *Chavez-Meza*, 138 S. Ct. at 1968)). Here, the district court's order referred to its having "previously considered all mitigating circumstances at Sentencing," showing that, in ruling

on this motion, it had considered those past arguments. Therefore, the court acted within its discretion in omitting specific mention of its past concerns about the length of Gaston's sentence.

## II

For the foregoing reasons, we **AFFIRM**.